HB IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(1)

| | | |
|---|---|---|
| **DENNIS CAGLIA** | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. 17-5166 |
| v. | : | |
| | : | |
| **COUNTY OF MONTGOMERY** | : | |
| | : | JURY TRIAL DEMANDED |
| Defendants | : | |

FILED
NOV 16 2017
KATE BARKMAN, Clerk
By ____ Dep. Clerk

**CIVIL ACTION COMPLAINT**

Plaintiff Dennis Caglia, by and through counsel, hereby complains as follows against Defendant County of Montgomery ("County"):

## I. Introduction

1. Plaintiff has initiated the instant action to redress violations of the Age Discrimination in Employment Act (29 U.S.C. § 621 *et seq.*) **("ADEA")** and the Pennsylvania Human Relations Act (43 P.S. § 951 *et seq.*) **("PHRA")**.

## II. Parties

2. Plaintiff is an adult male and citizen of the United States. He resides in Montgomery County, Pennsylvania.

3. Defendant Montgomery County is one of the Commonwealth of Pennsylvania's 67 counties. The County is the third largest county in the Commonwealth of Pennsylvania with a population estimated at 770,774 within 62 municipalities.

P

4. The County is governed by a Board of Commissioners. The Board of Commissioners consists of three commissioners, who are elected at-large every four years.

5. In accordance with the Constitution of the Commonwealth of Pennsylvania, the County appoints a Public Defender. The Public Defender's Office ("PDO"), according to the County's website, represents without charge each indigent person under arrest or charged with an indictable offense. If the defendant requests it or if the court orders it, the public defender counsels and defends the indigent person at every stage of the proceedings, and may prosecute any appeals. The PDO's Juvenile Advocacy Unit represents children in all phases of dependency, delinquency, and Orphans Court matters.

6. The PDO has been run, at all times relevant to this case, by Dean Beer. Beer holds the position of Chief Public Defender of Montgomery County.

## III. Jurisdiction and Venue

7. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

8. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4)

because it arises under the laws of the United States and seeks redress for violations of civil rights. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

9. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and (c) because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendant is subject to personal jurisdiction in the Eastern District of Pennsylvania.

## IV. **Procedural and Administrative Requirements**

10. Plaintiff has exhausted the procedural and administrative requirements for proceeding under the ADEA and the PHRA. In particular:

a. On or about December 10, 2016, Plaintiff filed a timely written Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") where it was assigned Charge No. 530-2017-00971;

b. On or about January 25, 2017, Plaintiff amended the aforesaid Charge;

c. Plaintiff requested that the aforesaid Charge be cross-filed with the Pennsylvania Human Relations Commission;

d. On August 22, 2017, the EEOC issued a Notice of Right to Sue to Plaintiff on the aforesaid Charge;

e. The instant action is timely because it has been initiated within ninety (90) days of the receipt of the aforementioned Notice;

f. Plaintiff fully exhausted his administrative remedies.

## V. Factual Background

11. Plaintiff's date of birth is July 28, 1956.

12. Plaintiff is an attorney licensed in the Commonwealth of Pennsylvania.

13. At all relevant times Plaintiff was a part-time attorney with the PDO.

14. Plaintiff began his service with the PDO on or about July 2, 1984.

15. In 2016, upon information and belief, Plaintiff was the longest-serving attorney in the office, and the oldest one.

16. Beginning in or about May 2016, Chief Public Defender Dean Beer began harassing Plaintiff by threatening to discharge him.

17. Although there are at least seven (7) other part-time attorneys in the office, Beer said he was going to eliminate Plaintiff's position and hire a full-time attorney to replace him.

18. Concurrently, however, Beer was making no such threats to the younger, part-time employees.

19. On or about December 10, 2016, Plaintiff filed a charge of age discrimination with

the EEOC. He immediately notified Beer and the County's human resources department.

20. Four days later, on December 14, 2016, Beer told Plaintiff he was discharged as of December 31, 2016.

21. This was a purely retaliatory act. Although Plaintiff had been periodically been threatened with discharge during the preceding 7 months, no action had been taken - until he filed with EEOC.

22. In its EEOC papers, the County asserted that no other attorney in the PDO had a part-time position and received full benefits. That's false.

23. Beer's first assistant - Keesha Hudson - is part-time with benefits. Beer himself is part-time with benefits, as he also maintains a private law practice on the side. Beer's profile can be viewed here: http://mcandrewslaw.com/our-attorneys/dean-m-beer.

24. Even assuming the County's explanation was factually correct, Beer did not offer Plaintiff the chance to stay part-time without benefits, thereby putting him in equal position with other part-timers who don't have benefits.

25. In recent proceedings before the EEOC, Beer and the PDO have been found to have unlawful age discrimination.

## FIRST CAUSE OF ACTION
## <u>UNLAWFUL AGE DISCRIMINATION</u>

26. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

27. In the manner set forth above and in violation of the ADEA and PHRA, Defendant

has engaged in knowing, purposeful and unlawful discrimination by denying Plaintiff employment on account of his age.

28. In the manner set forth above in violation of the ADEA and PHRA, Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's right to be free from employment discrimination based on his age.

29. As a result of the age discrimination inflicted by Defendant, Plaintiff has suffered damages including but not limited to denial of employment, lost wages, lost benefits, lost promotions, lost training, and lost experience.

30. As a result of the age discrimination inflicted by Defendant, Plaintiff has suffered emotional pain, anguish and suffering, humiliation, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**SECOND CAUSE OF ACTION**
**UNLAWFUL RETALIATION**

31. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32. In the manner set forth above and in violation of the ADEA and PHRA, Defendant has engaged in knowing, purposeful and unlawful retaliation by denying Plaintiff employment after his complaint of age discrimination..

33. In the manner set forth above in violation of the ADEA and PHRA, Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's right to be free from retaliation.

H. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable law;

I. This Court should grant any and all other such legal or equitable relief, including but not limited to reinstatement, as it deems necessary, just, and appropriate;

J. This Court should maintain jurisdiction over the instant action to ensure full compliance with its Orders therein until such time it is satisfied that its Orders and dictates have been complied with in full by Defendant;

K. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submittted

**WEINSTEIN LAW FIRM, LLC**

By: ______________________________

Marc E. Weinstein, Esquire
500 Office Center Drive, Suite 400
Fort Washington, PA 19034
267.513.1942 tel
marc@meweinsteinlaw.com
Counsel to Plaintiff

Dated: November 16, 2017